NO. 07-04-0380-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 24, 2005

_____

DONALD WAYNE DORCH, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 8TH DISTRICT COURT OF HOPKINS COUNTY;

NO. 0317244; HONORABLE ROBERT NEWSOM, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**ORDER ON ABATEMENT AND REMAND**

Appellant Donald Wayne Dorch has given notice of appeal from a conviction and life sentence for sexual assault, enhanced. The appellate court clerk received and filed the trial court clerk's record on September 2, 2004, and received and filed the trial court reporter's record on October 13, 2004. By order dated October 8, 2004, this court denied appellant's appointed counsel's motion to withdraw from the representation. On appellant's request,

the due date for his brief has been extended once. By letter dated December 29, 2004, the appellate clerk reminded counsel for appellant that appellant's brief was due on December 13, 2004, and that neither the brief nor a motion for a further extension of time had been received. Counsel for appellant was further advised by such letter that if no response to the letter was received by January 7, 2005, the appeal would be abated to the trial court for hearing pursuant to Rule of Appellate Procedure 38.8(b). No response to this court's clerk's December 29 letter has been received.

Accordingly, this appeal is abated and the cause is remanded to the trial court. TEX. R. APP. P. 38.8(b)(2). Upon remand, the judge of the trial court is directed to immediately cause notice to be given of and to conduct a hearing to determine:

(1) whether appellant desires to prosecute this appeal;

(2) if appellant desires to prosecute this appeal, then whether appellant is indigent, and if not indigent, whether counsel for appellant has abandoned the appeal;

(3) if appellant desires to prosecute this appeal, whether appellant's present counsel should be replaced; and

(4) what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant's appeal if appellant does not desire to prosecute this appeal, or, if appellant desires to prosecute this appeal, to assure that the appeal will be diligently pursued.

If the trial court determines that the present attorney for appellant should be replaced, the court should cause the clerk of this court to be furnished the name, address, and State Bar of Texas identification number of the newly-appointed or newly-retained attorney.

In support of its determination, the trial court shall prepare and file written findings of fact and conclusions of law and cause them to be included in a supplemental clerk's record. The hearing proceedings shall be transcribed and included in a supplemental reporter's record. Those supplemental records shall be submitted to the clerk of this court no later than February 21, 2005.

Per Curiam

Do not publish.